## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **TERRY CRIM,** | ) CASE NO. 1:10CV2659 |
| )  |
| **Plaintiff ,** | ) |
| | ) **JUDGE PATRICIA A. GAUGHAN** |
| **v.** | ) |
| | ) |
| **WILLIAM D. MASON,** *et al.* | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| **Defendants.** | ) |

### Introduction

Plaintiff, Terry Crim, filed this *pro se* Complaint against defendants Cuyahoga County Prosecutor William D. Mason, Detective Sabron and Danielle M. Terrell. Plaintiff is confined in the Cuyahoga County, Ohio jail. For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §1915(e).

### Standard of Review

Although pro se pleadings are liberally construed, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  Such a complaint may be dismissed *sua sponte,* without prior notice to the plaintiff and without service of process on the defendant.

### **Discussion**

Plaintiff alleges that he received a telephone call from Terrell, the mother of plaintiff's child, who said that her car had been stolen.  Plaintiff went to Terrell's house to check on her and his child. Terrell blamed plaintiff for stealing the car, and locked him in her house.  Plaintiff eventually fled the house and went to a hospital.  Terrell called Detective Sabron, who arrived at the hospital and arrested plaintiff. Plaintiff was subsequently charged by Prosecutor Mason on numerous counts.

The Complaint appears to assert one claim for malicious prosecution against Prosecutor Mason and Detective Sabron.  The Complaint appears to assert a second claim against Terrell for maliciously accusing plaintiff and false imprisonment.  The remaining words are illegible.

Although not expressly stated in the Complaint, a malicious prosecution claim is cognizable under 42 U.S.C. § 1983.  This claim must be dismissed, however, because plaintiff has not demonstrated, at a minimum, that the criminal proceeding has been resolved in his favor.  *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010) (citations omitted).  In fact, the Cuyahoga County Common Pleas Court docket shows that plaintiff's case is still pending.  *State of Ohio v. Crim*, Case No. CR-10-543741.

Additionally, prosecutors are entitled to absolute immunity from liability under § 1983 for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S.

409, 430 (1976). The claim against Mason is based on the allegation that plaintiff was "over-indicted." There is no indication in the Complaint that Prosecutor Mason acted outside of the scope of his responsibilities.

Terrell is a private party and not a government actor and, therefore, cannot be held liable under § 1983 for false imprisonment. To the extent the "malicious accusation" allegation is premised on the malicious prosecution claim, it fails for the reasons stated above.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


              /s/ Patricia A. Gaughan
              PATRICIA A. GAUGHAN
              United States District Judge

Dated: 1/26/11